## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CRUZ R. RUIZ,<br><br>           Plaintiff,<br><br>   v.<br><br>RICHARD SKROBIN LAWN & LANDSCAPING, INC.<br>and RICHARD C. SKROBIN, individually,<br><br>           Defendants. | Case No.<br><br>Judge |

## COMPLAINT

Cruz R. Ruiz ("Plaintiff"), files his Complaint against Defendants Richard Skrobin Lawn & Landscaping, Inc. (hereafter "Skrobin Lawn"), and Richard C. Skrobin (hereafter "Skrobin") (collectively "Defendants") states as follows:

## I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants': 1) failure to pay overtime wages to Plaintiff in violation of the FLSA and the IMWL and 2) failure to pay Plaintiff all earned wages at the rate agreed to by the parties for all time worked in violation of the IWPCA.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district as a substantial number of the facts and events giving rise Plaintiff's claims occurred in this judicial district and as Defendants maintained offices and transacted business within this jurisdiction.

### III.  PARTIES

**A.  Plaintiff**

4.  Within the ten years preceding the filing of this lawsuit, Plaintiff worked at Defendants'' shop and at numerous of Defendants' work sites.

5.  During the course of his employment with Defendants, Plaintiff:

a.  handled goods that have moved in interstate commerce;

b.  was  an "employee" of Defendants as that term is defined by the FLSA, the IMWL and the IWPCA;

**B.  Defendants**

6.  At all relevant times, Defendant Skrobin Lawn:

a.  has been a corporation organized under the laws of the State of Illinois;

b.  has conducted business in Illinois and within this judicial district;

c.  has been an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

d.  has had two or more employees who have handled goods which have moved in interstate commerce; and

e.  has been an "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS §115/1 *et seq.*

7.  At all relevant times, Defendant Skrobin has:

a.  Been an owner and principal officer of Defendant Skrobin Lawn;

b.  Has been involved in the day to day operation of Defendant Skrobin Lawn and has had the authority to hire and fire persons employed by Defendant Skrobin Lawn, the authority to direct and supervise the work of such employees, the authority to sign on checking accounts of Defendant

Skrobin Lawn, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

c.  Has been Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(d), IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

## IV.    FACTUAL BACKGROUND

8.  Plaintiff was hired by Defendants to work as a laborer in landscaping throughout Illinois, including within this judicial district.

9.  During the course of his employment with Defendants, Plaintiff had an agreement within the meaning of the IWPCA to be compensated for all hours worked at an agreed upon rate.

10.  Defendants had a practice of not paying Plaintiff all compensation at the rate agreed to by the Parties. For example:

a.  Plaintiff regularly worked through his lunch as directed by Defendants but was still deducted time for lunch.

b.  Every week Plaintiff was regularly shorted additional hours by Defendants without receiving notice as to why. He complained about the shorted hours but was simply told to not worry about the shorted hours.

11.  Plaintiff is entitled to be paid for all time worked at the rate agreed to by the parties.

12.  Defendants' failure to pay Plaintiff for all time worked at the rate agreed to by the parties is in violation of the IWPCA.

13.  Within the three (3) years prior to Plaintiff filing this Complaint, Defendants regularly and customarily required Plaintiff to work in excess of forty (40) hours in individual work weeks, but did not compensate him at one and half times their regular rate of pay for time worked in excess of forty (40) hours in individual work weeks.

14.  Defendants had a scheme of failing to compensate workers for hours worked in excess of forty in individual work weeks at the premium overtime rate.

a.   For example, Defendants had a practice of paying each work week forty hours at straight time in a payroll check and paying any hours worked in excess of forty hours at straight time in a company check.

15.   Defendants' practice resulted in a failure to compensate Plaintiff at time and a half his regular rate in violation of the overtime requirements of the FLSA and IMWL.

**COUNT I**
**Violation of the FLSA – Overtime Wages**

Plaintiff incorporates and realleges paragraphs 1 through 15 as though set forth herein.

16.   This Count arises from Defendants violation of the FLSA for Defendants' failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks as described more fully in paragraphs 13 through 15, *supra*.

17.   Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

18.   Plaintiff was not exempt from the overtime provisions of the FLSA.

19.   Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times his regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

20.   Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

21.   Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

22.   Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (4) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks.

B.     Liquidated damages in the amount equal to the unpaid overtime wages;

C.     That the Court declare that Defendants have violated the FLSA;

D.     That the Court enjoin Defendants from violating the FLSA;

E.     Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the IMWL – Overtime Wages

Plaintiff incorporates and realleges paragraphs 1 through 22 as though set forth herein.

23.     This Count arises from Defendants violation of the IMWL for Defendants' failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks as described more fully in paragraphs 13 through 15, *supra*.

24.     Defendants directed Plaintiff to work, and Plaintiff did, in fact, work in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

25.     Plaintiff was not exempt from the overtime provisions of the IMWL.

26.     Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times his regularly hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

27.     Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

28.     Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a violation of the IMWL.

29. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all overtime wages due to Plaintiff as provided by the IMWL;

B. Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendants have violated the IMWL;

D. That the Court enjoin Defendants from violating the IMWL

E. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

F. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the IWPCA – Unpaid Wages

Plaintiff hereby incorporates and realleges paragraphs 1 through 29 of this Complaint, as though set forth herein.

30. This Count arises from Defendants' violation of the IWPCA for their failure to compensate Plaintiff for wages for all time worked at the rate agreed to by the parties as described more fully in paragraph 9 through 12, *supra*.

31. During the course of their employment with Defendants, Plaintiff had an agreement within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties.

32. Defendants did not pay Plaintiff for all hours worked at the rate agreed to by the parties.

33. Defendants' failure to pay Plaintiff for all time worked at the rate agreed to by the parties was a violation of the IWPCA.

34. Plaintiff was entitled to be paid for all time worked at the rate agreed to by the parties.

35. Plaintiff is entitled to recover owed wages for a period of ten (10) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.   A judgment in the amount of all unpaid wages due Plaintiff as provided by the IWPCA;

B.   Statutory damages as provided for by the IWPCA;

C.   That the Court declare that the Defendants have violated the IWPCA;

D.   That the Court enjoin Defendants from violating the IWPCA;

E.   Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 105/1 *et seq*.;

F.   Such other and further relief as this Court deems appropriate and just.


Respectfully submitted,

Dated:  February 3, 2016


s/Yolanda Carrillo
Yolanda Carrillo
Lydia Colunga-Merchant
Raise the Floor Alliance – Legal Dept.
1 N. LaSalle, Suite 1275
Chicago, Il 60602
(312) 795-9115

One of Plaintiff's Attorneys